536    · APPELLATE COURTS OF ILLINOIS.

In the Matter of the Estate of John W. Brown, 207 Ill. App. 536.

## In the Matter of the Estate of John W. Brown, Deceased.
### Sina D. Pagle, Executrix, Appellant. Anna Brown et al., Appellees.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. JAMES C. MCBRIDE, Judge, presiding. Heard in this court at the March term, 1917. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 24, 1917.

### Statement of the Case.

In the matter of the estate of John W. Brown, deceased, wherein the executrix, Sina D. Pagle, filed. in the County Court a report marked final, showing no receipts or expenditures but certain unpaid claims, which upon objections by Anna Brown and others, objectors, was not approved by that court, and on appeal to the Circuit Court a decree was rendered finding the amount she should charge herself as executrix and specifying the amount she should take credit for in her report and directing that her report be not approved and that she make a new report, in accordance with such findings, to the County Court within sixty days, from which decree she appeals.

The inventory of the estate filed by the executrix showed a large number of articles of personal property, farming implements, household goods, horses, etc., valued at $1,813, and notes and accounts valued at $46.70, aggregating $1,859.70. The decedent bequeathed, after payment of debts, all his personal property and devised all his land, except twenty acres, to the executrix and her two sisters. The twenty acres was treated by all parties as intestate property. Later, after filing the inventory, ·an appraisement bill of a portion of the personal property, valued at $570, was

filed, and, on petition by the executrix, the appraised property was ordered sold, but she reported two years later that a sale at a sufficient price had not been made and most of the property had been bought in by a sister at the appraised value, also, that she and her sisters had advanced $1,219.67 of their own money to pay debts of the estate. A later report showed she had received $750 from the property inventoried and said sum of $1,219.67, that there was $1,350.44, of unpaid claims, and that the balance of unpaid indebtedness of the estate after deducting the $750 was $1,820.11. She thereafter filed her final report and asked payment of $2,152.58 from certain moneys in the hands of the master in chancery from the sale of real estate to liquidate the indebtedness, to which objections were filed by one of her sisters and certain other heirs of the decedent, interested only in the sale of said twenty acres, which brought $600.

JOHN A. BINGHAM, for appellant.

BROWN & BURNSIDE, for appellee Anna Brown.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 529*—*when executrix should be charged with money advanced to protect interests of devisees.* Where the sole devisees of a testator's personal property, for the purpose of protecting their interests therein and retaining such property, voluntarily paid to the executrix of the estate, who was one of such devisees, a certain amount of their own money to be used in payment of the debts of the estate, *held* that the executrix was properly charged by the trial court in her report with such amount.

2. EXECUTORS AND ADMINISTRATORS, § 529*—*when executrix may not complain of being charged with increased value of personalty.* Where the executrix of an estate fails to properly administer the

In the Matter of the Estate of John W. Brown, 207 Ill. App. 536.

estate and appraise and sell the personal property as provided by statute, she is in no position to complain of being charged with the increased value of the property when actually sold.

3. EXECUTORS AND ADMINISTRATORS—*when inclusion of claim in finding in decree is error.* The inclusion in a finding in a decree, sustaining objections to the report of an executrix of a claim, of which the record contains no evidence, is erroneous.

4. EXECUTORS AND ADMINISTRATORS, § 330*—*when devisees of personalty may not complain of application of sums advanced to executrix for payment of debts.* Where the devisees of the personal estate of a testator voluntarily advanced certain of their own money to the executrix to pay the testator's debts in order to protect their own interests in the property, *held* that they were not in a position to raise the question that proceeds from the sale of the testator's real estate, descended and sold as intestate property, should first be applied to his indebtedness before such advanced moneys were applied thereto.

5. EXECUTORS AND ADMINISTRATORS—*when devisees of personalty should be reimbursed for money advanced to pay debts of testator.* Where the devisees of the personal estate of a testator voluntarily advanced money to pay the testator's debts, *held* that whatever funds should remain in the hands of the executrix, if any, after paying the indebtedness of the estate, should be returned to such devisees and not to the estate, as such remainder would be a balance remaining out of the funds so advanced by the devisees to pay the indebtedness and would belong to them and not to the estate.

6. EXECUTORS AND ADMINISTRATORS, § 560*—*when executrix properly denied commissions.* Where a testator's estate was irregularly and improperly administered by the executrix, *held* that there was no error in the court not allowing her commissions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.